CALEB EARLE *vs.* BURRINGTON ANTHONY.

The 15th section of " An Act prescribing the forms of Writs and manner of serving them :" to wit : " Personal estate when mortgaged and in the possession of the mortgagor, and while the same is redeemable, may be attached on mesne process or execution against the mortgagor in the same manner as his other personal estate," .does not authorize the attachment of personal property in the possession of the mortgagor, on an execution against him, after the condition of the mortgage has been broken for sixty days.

THIS was an action of Replevin for the recovery of the Brig Perseverance, her tackle, apparel and furniture. It appeared from the agreed statement of facts, that the property replevied was attached by the defendant, as Marshal for the Rhode-Island District, upon two executions issuing out of the Circuit Court of the United States ; that the property when attached was in the possession of Shaw & Earle, the defendants in said executions ; that the same had been mortgaged by said Shaw & Earle to the plaintiff, to secure the plaintiff, as an accommodation endorser of the paper of Shaw & Earle ; that the paper secured by said mortgage was duly paid by said Shaw & Earle, and the condition performed until the 4th day of November, 1846, at which time certain notes became due, which were not then and have not since been paid by said Shaw & Earle, but for the payment of which the stock of said Caleb Earle was sold by the City Bank for the partial payment of said notes ; that the property attached had been in the possession and use of the said Shaw & Earle from the date of the mort-

gage, (October 24, 1846,) till the date of the attachment, (October 28, 1848.)

The plaintiff claimed that the property mortgaged was not sufficient, at the time of the attachments, to pay the amount for which he had become liable, and which was due to him from said Shaw & Earle. This the defendant denied. If the Court deemed this fact material, it was agreed that it might be tried and determined by the Court or by a jury, as the Court might prefer ; if not material, then judgment to be rendered upon the above statement of facts.

*It was argued for the defendant,* that these attachments were made by serving the execution upon the property, while in the possession of Shaw & Earle, and, consequently, while redeemable and attachable. Digest of 1844, p. 199, sec. 7 and 8. The sixty days within which the property must be redeemed, do not begin to run until after possession is taken. Digest of 1844, p. 117, sec. 15 ; by this act, mortgaged personal property may be attached while in possession of mortgagor and redeemable, without reference to statute. This precludes the mortgagee from replevying. If he does not foreclose, the attachment does. Digest p. 118, sections 18, 19 and 20. The attachment does what the mortgagee has refrained from doing. The Statute of Massachusetts allows a similar proceeding. *Haskell vs. Gordon,* (3 Met. 268.) Where a mortgage of personal estate is made to secure a note or demand, the right of redemption is subject to the same rule as applies to real estate. The right to redeem exists beyond sixty days, if the mortgagee takes no steps to foreclose.

*It was contended for the plaintiffs.* The plaintiffs had a mortgage upon this property, the condition of

Caleb Earle *vs.* Burrington Anthony.

which had been broken nearly two years before the attachment. By the common law, after condition broken, the title to the property vested in the mortgagee, and it could not be attached. Our Statute allows the mortgagee sixty days, after condition broken, to redeem. The defendant contends that the sixty days begin to run only after steps have been taken by the mortgagee to foreclose. Take all the provisions upon this subject together, and it will be seen that the only change from the common law is, by an extension of the right to redeem for sixty days, and by allowing the property under mortgage to be attached. But this attachment is subject to two conditions ; first, that the property is in the possession of the mortgagor, and, secondly, that it is redeemable—redeemable at law, not at equity. Grant that the defendant's construction is correct, and you give every Court of common Law full equity powers to adjudicate between mortgagors and mortgagees.

TILLINGHAST & BRADLEY, for the plaintiffs.

HAZARD & JENCKES, for defendant.

BRAYTON, J., (after stating the facts.) The question is, whether the property at the time of the attachment was legally attachable by the Marshal. This must depend upon the construction to be given to the 15th section of " An Act prescribing the forms of writs and the manner of serving them." (Digest of 1844, p. 117,) which enacts that " Personal estate when mortgaged and in the possession of the mortgagor, and while the same is redeemable, may be attached on mesne process or execution against the mortgagor in the same manner as his other personal estate."

Caleb Earle *vs.* Burrington Anthony.

By section 19 of the above Statute, it is provided that the plaintiff in the attachment may redeem the mortgaged estate in the same manner as the mortgagor might have done, and in case of such redemption, shall have the same lien for the amount paid as the mortgagee had ; and section 20 provides that " If the mortgage be not redeemed by the plaintiff (or sold as provided by Act,) before the time of redemption expires, the attachment shall become void."

Both the 15th and 20th sections refer to a time of redemption, beyond which the attachment cannot be made originally, or if made, upon the expiration of which it becomes absolutely void unless the mortgage be actually redeemed.    Upon examination of the statutes there is but one time any where limited for the redemption of mortgages of personal property, and that is contained in the 7th section of the act concerning mortgages of real and personal estate.    (Digest, p. 199.)    It provides that " when the condition of any mortgage of personal property *has been broken*, the mortgagor or person holding under him, may redeem the same within sixty days *thereafter*, unless sold within that time in pursuance of the contract between the parties."

And the next section, the 8th of the same statute, points out the manner in which the mortgagor may redeem, viz.: " by paying or tendering to the mortgagee the amount due upon the mortgage, with all lawful charges and expenses incurred in the care and custody of the property ;" and upon making such tender, the mortgagor becomes entitled to the property, and if possession be withheld by the mortgagee becomes entitled to his writ of replevin to regain it.

Before the passage of this statute, after condition broken, the mortgagor's right to redeem was in equity only, and since he had a mere equity, he had no attachable interest. But by this statute he has given him a right at law to redeem for the period of sixty days after condition broken, and by the statute giving the attachment of property mortgaged, the plaintiff in the attachment is substituted to the mortgagor's right to this extent and no farther.

So that notwithstanding the failure to perform the condition, the mortgagor still has for a period of sixty days, and no more, a legal interest in the property ; and this we apprehend was precisely what the legislature intended to make attachable—the property while and so long as it remained the mortgagor's at law, and before it became reduced to a mere equity.

We cannot doubt, therefore, that since the sixty days had expired after the breach of the condition, before the levy of the execution, although the property remained in the mortgagor's possession, that the attachment was void : that the time of redemption within the meaning of the act giving a right to attach property mortgaged had at the time of the attachment expired, and the right of the plaintiff in the attachment to redeem barred.

It was urged in the argument of the cause by the defendant, that the sixty days do not begin to run from the time of the failure to perform the condition ; that for this purpose the condition is not broken, or should not be deemed broken, until the mortgagee should have made his election to take advantage of the forfeiture, by taking possession for condition broken, which the plaintiff in this case has not done.

Upon this point we may say, that if it were so, it would become necessary in every case, in order to avoid an attachment, that the property should be taken from the mortgagor's possession, and it is hardly presumable that the mortgagee would return again to his debtor property which, for his own security, he had found necessary to take from him, or, that the legislature intended to provide for any such remote contingency. The statute proceeds upon the presumption that the mortgagor will be in the possession of the property, and suffered by the mortgagee so to remain, after his, the mortgagor's right to redeem has expired ; for the right to attach is made to depend upon the fact, whether or not the mortgagor in possession, has a right at law to redeem.